# Supreme Court of Florida

_____

No. SC2022-1293

_____

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR—CHAPTERS 3 AND 14.**

September 7, 2023
**<u>CORRECTED OPINION</u>**

PER CURIAM.

The Florida Bar (Bar) petitions the Court to amend seventeen rules within chapters 3 and 14 of the Rules Regulating The Florida Bar.[1] With some modifications, we adopt the amendments proposed by the Bar.

## BACKGROUND

The Bar proposes amending existing rules 3-2.1 (Generally), 3-5.1 (Generally), 3-5.2 (Emergency Suspension and Interim Probation or Interim Placement on the Inactive List for Incapacity Not Related to Misconduct), 3-5.3 (Diversion of Disciplinary Cases

_____

1. We have jurisdiction. _See_ art. V, § 15, Fla. Const.; _see also_ R. Regulating Fla. Bar 1-12.1.

to Practice and Professionalism Enhancement Programs), 3-6.1 (Generally), 3-7.1 (Confidentiality), 3-7.3 (Review of Inquiries, Complaint Processing, and Initial Investigatory Procedures), 3-7.4 (Grievance Committee Procedures), 3-7.6 (Procedures Before a Referee), 3-7.7 (Procedures Before Supreme Court of Florida), 3-7.9 (Consent Judgment), 3-7.10 (Reinstatement and Readmission Procedures), 3-7.12 (Disciplinary Revocation of Admission to The Florida Bar), 3-7.16 (Limitation on Time to Open Investigation), 14-1.2 (Jurisdiction), 14-4.1 (Arbitration Proceedings), and 14-5.2 (Effect of Agreement to Arbitrate and Failure to Comply).

Each proposal was approved by the Board of Governors without objection, and consistent with rule 1-12.1(g), the Bar published formal notice of its intent to file the petition in *The Florida Bar News*. The notice directed interested parties to file comments directly with the Court. One comment was received from the Public Interest Law Section of the Bar on the proposed amendments to rule 3-7.16. The Bar filed a response to the comment.

Having considered the Bar's petition, the proposed amendments, the comment filed, and the Bar's response to the

comment, we adopt the Bar's proposed amendments to the Rules Regulating The Florida Bar with some modifications. We explain the modifications below, along with some of the more significant rule changes.

**AMENDMENTS**

First, rules 3-5.2, 3-7.6, 3-7.7, 3-7.10, and 3-7.12 are amended to require the electronic filing of petitions, pleadings, and other documents in Bar disciplinary matters.

Next, we decline to delete from rule 3-5.1(d) the requirement that public reprimands be published in the *Southern Reporter*. Publication in the reporter remains integral to ensuring that a public reprimand is indeed public. The Bar proposed deleting the requirement because in recent years this Court's public reprimands of lawyers have not, as a matter of course, been published in the *Southern Reporter*. We thank the Bar for bringing this oversight to our attention, and we will take steps to ensure that publication of public reprimands in the *Southern Reporter* occurs.

In rule 3-5.3, the Bar proposed the addition of new subdivision (h) (Diversion Before Formal Complaint is Filed). The subdivision the Bar proposed is essentially a mirror image of rule 3-7.9(a)

- 3 -

(Consent Judgment; Before Formal Complaint is Filed) and would permit a lawyer and the Bar to enter into a consent judgment providing for diversion before a formal complaint is filed. However, we see no need to amend rule 3-5.3 to include a mirror image of a rule that already exists elsewhere. We, therefore, revise the Bar's proposal to read:

> **(h) Diversion Before Formal Complaint is Filed.** The procedures for approval of consent judgments provided elsewhere in these rules apply to diversion before the filing of a formal complaint.

Rule 3-6.1(a) is reorganized, and the rule's scope is expanded to include persons who are suspended or have been disbarred in another jurisdiction. Also, under the amended rule, a person is now considered employed by an entity providing legal services if he or she "is engaged to provide services to the client arising from or related to the client's legal representation at the recommendation of the entity or any of its members or employees."

Rule 3-7.10(f) is amended to prohibit a referee from referring a petition for reinstatement to civil or grievance mediation. The Bar proposed amending subdivision (f)(4)(B) to establish when and for how long Florida Bar Examination and Multistate Professional

- 4 -

Responsibility Examination scores are valid for reinstatement purposes. For added clarity, however, we revise the Bar's proposal to read: "The results for both exams must be valid under the Rules of the Supreme Court Relating to Admission to the Bar when the petition is filed and will remain valid for at least 3 years after the filing of the petition."

Lastly, we decline to amend rule 3-7.16(d) as proposed by the Bar.

## CONCLUSION

Accordingly, chapters 3 and 14 of the Rules Regulating The Florida Bar are amended as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The amendments will become effective November 6, 2023, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.
SASSO, J., did not participate.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating The Florida Bar

Joshua E. Doyle, Executive Director, F. Scott Westheimer, President, Roland Sanchez-Medina, Jr., President-elect, and Elizabeth Clark Tarbert, Division Director, Lawyer Regulation, The Florida Bar, Tallahassee, Florida,

for Petitioner

Anthony C. Musto on behalf of the Public Interest Law Section of The Florida Bar, Hallandale Beach, Florida,

Responding with comments

# Appendix

## RULE 3-2.1.    GENERALLY

Wherever used in these rules the following words or terms have the meaning set forth below unless their use clearly indicates a different meaning:.

**(a)-(b)**    [No Change]

**(c)    Chief Branch Discipline Counsel.**  Chief branch discipline counsel is the counsel in charge of a branch office of The Florida Bar.  Any counsel employed by The Florida Bar may serve as chief branch discipline counsel at the direction of the regularly assigned chief branch discipline counsel or staff counsel.

**(cd)  Complainant or Complaining Witness.**  A complainant or any complaining witness is any person who has complained of the conduct of any member of The Florida Bar to any officer or agency of The Florida Bar.

**(de)  This Court or the Court.**  This court or the court is the Supreme Court of Florida.

**(ef)  Court of this State.**  Court of this state is a state court authorized and established by the constitution or laws of the state of Florida.

**(g)    Designated Reviewer.**  The designated reviewer is a member of the board of governors responsible for review and other specific duties as assigned with respect to a particular grievance committee or matter.  The designated reviewer for a special grievance committee will be selected by the president and approved by the board.

**(fh)  Diversion to Practice and Professionalism Enhancement Programs.**  Diversion to practice and professionalism enhancement programs is removal of a disciplinary

matter from the disciplinary system and placement of the matter in a skills enhancement program in lieu of a disciplinary sanction.

**(gi)** **Executive Committee.** Executive committee is the executive committee of the board of governors of The Florida Bar.

**(hj)** **Executive Director.** Executive Director is the executive director of The Florida Bar.

**(k)** **Final Adjudication.** Final adjudication is a decision by the authorized disciplinary authority or court issuing a sanction for professional misconduct that is not subject to judicial review except on direct appeal to the Supreme Court of the United States.

**(il)** **Inquiry.** Inquiry is a written communication received by bar counsel questioning the conduct of a member of The Florida Bar.

**(jm)** **Practice and Professionalism Enhancement Programs.** Practice and professionalism enhancement programs are programs operated either as a diversion from disciplinary action or as a part of a disciplinary sanction that are intended to provide educational opportunities to members of the bar for enhancing skills and avoiding misconduct allegations.

**(kn)** **Probable Cause.** Probable cause is a finding by an authorized agency that there is cause to believe that a member of The Florida Bar is guilty of misconduct justifying disciplinary action.

**(lo)** **Referral to Practice and Professionalism Enhancement Programs.** Referral to practice and professionalism enhancement programs is placement of a lawyer in skills enhancement programs as a disciplinary sanction.

**(mp)** **Referee.** Referee is a judge or retired judge appointed to conduct proceedings as provided under these rules.

**(n̶q)** **Respondent.** Respondent is a member of The Florida Bar or a lawyer subject to these rules who is accused of misconduct or whose conduct is under investigation.

**(o̶r)** **Staff Counsel.** Staff counsel is a lawyer employee of The Florida Bar designated by the executive director and authorized by these Rules Regulating The Florida Bar to approve formal complaints, conditional guilty pleas for consent judgments, and diversion recommendations and to make appointment of bar counsel.

~~**(p)** **Chief Branch Discipline Counsel.** Chief branch discipline counsel is the counsel in charge of a branch office of The Florida Bar. Any counsel employed by The Florida Bar may serve as chief branch discipline counsel at the direction of the regularly assigned chief branch discipline counsel or staff counsel.~~

~~**(q)** **Designated Reviewer.** The designated reviewer is a member of the board of governors responsible for review and other specific duties as assigned with respect to a particular grievance committee or matter. The designated reviewer for a special grievance committee will be selected by the president and approved by the board.~~

~~**(r)** **Final Adjudication.** Final adjudication is a decision by the authorized disciplinary authority or court issuing a sanction for professional misconduct that is not subject to judicial review except on direct appeal to the Supreme Court of the United States.~~

## RULE 3-5.1.  GENERALLY

A judgment ~~entered,~~ finding a member of The Florida Bar guilty of misconduct~~,~~ will include 1 or more of the following disciplinary measures~~:~~.

**(a)** **Admonishments.** A Supreme Court of Florida order finding minor misconduct and ~~adjudging~~ordering an admonishment

may direct the respondent to appear before the Supreme Court of Florida, the board of governors, a grievance committee, or the referee for administration of the admonishment. A grievance committee report and finding of minor misconduct or the board of governors, on review of the report, may direct the respondent to appear before the board of governors or the grievance committee for administration of the admonishment. A memorandum of administration of an admonishment will be made a part of the record of the proceeding after the admonishment is administered.

**(b)    Minor Misconduct.**  Minor misconduct is the only type of misconduct for which an admonishment is an appropriate disciplinary sanction.

(1)    *Criteria.*  In the absence of unusual circumstances, misconduct will not be regarded as minor if any of the following conditions exist:

(A)-(B)  [No Change]

(C)    the misconduct resulted in or is likely to result in actual or potential injury to the public or the legal system;

(CD)  the respondent has been publicly disciplined in the past 3 years;

(DE)  the misconduct involved is of the same nature as misconduct for which the respondent has been disciplined in the past 5 years;

(EF)  the misconduct includes dishonesty, misrepresentation, deceit, or fraud on the part of the respondent; or

(FG)  the misconduct constitutes the commission of a felony under applicable law.

(2)    *Discretion of Grievance Committee.*  A grievance committee may recommend an admonishment for minor

misconduct or diversion to a practice and professionalism enhancement program when unusual circumstances are present, despite the presence of 1 or more of the criteria described in ~~subpart~~subdivision (1) of this rule.  ~~When the grievance committee recommends an admonishment for minor misconduct or diversion to a practice and professionalism enhancement program under these circumstances, its~~Any grievance committee report ~~will~~recommending an admonishment for minor misconduct or diversion to a practice and professionalism enhancement program despite the presence of the criteria in subdivision (1) must contain a detailed explanation of the circumstances giving rise to the committee's recommendation.

(3)     *Recommendation of Minor Misconduct.*  If a grievance committee finds the respondent guilty of minor misconduct or if the respondent admits guilt of minor misconduct and the committee concurs, the grievance committee will file its report recommending an admonishment, the manner of administration, the taxing of costs, and an assessment or administrative fee in the amount of $1,250 against the respondent.  The report recommending an admonishment will be forwarded to staff counsel and the designated reviewer for review.  If staff counsel does not return the report to the grievance committee to remedy a defect in the report, or if the report is not referred to the disciplinary review committee by the designated reviewer [as provided elsewhere in ~~rule 3-7.5(b)]~~these rules, the report will then be served on the respondent by bar counsel.  The report and finding of minor misconduct becomes final unless rejected by the respondent within ~~15~~30 days after service of the report.  If rejected by the respondent, ~~the report will be referred to bar counsel and referee for trial on complaint of minor misconduct to be prepared by~~ bar counsel will prepare a formal complaint as in ~~the case of~~ a finding of probable cause.  If the report of minor misconduct is not rejected by the respondent, notice of the finding of minor misconduct will be given, in writing, to the complainant.

(4)  *Rejection of Minor Misconduct Reports.*  The board of governors' rejection ~~by the board of governors~~ of a grievance committee report of minor misconduct, without dismissal of the case~~,~~ or remand to the grievance committee, is deemed a finding of probable cause.  The respondent's rejection ~~of a report by a respondent~~ is deemed a finding of probable cause ~~for minor misconduct~~.  At trial before a referee following a respondent's rejection ~~by a respondent~~ of a report of minor misconduct, the referee may recommend any discipline authorized under these rules.

(5)  *Admission of Minor Misconduct.*  A respondent may tender a written admission of minor misconduct to bar counsel or to the grievance committee within ~~15~~30 days after service of a notice of a finding of probable cause by a grievance committee or the board of governors.  An admission of minor misconduct may be conditioned on acceptance by the grievance committee or the board of governors, but the respondent may not condition the admission of minor misconduct on the method of administration of the admonishment or on nonpayment of costs incurred in the proceedings.  An admission may be tendered after a finding of probable cause (but before the filing of a complaint) only if an admission has not been previously tendered.  If the admission is tendered after a finding of probable cause, the grievance committee or board of governors may consider the admission without further evidentiary hearing and may either reject the admission, affirming its prior action, or accept the admission ~~and issue its report of minor misconduct~~, in which case, the report of minor misconduct will be issued by the grievance committee.  If a respondent's admission is accepted by the grievance committee or board of governors, the respondent may not later reject a report of the committee recommending an admonishment for minor misconduct.  If the admission of minor misconduct is rejected, the admission may not be considered or used against the respondent in subsequent proceedings.

**(c)  Probation**.  The respondent may be placed on probation for a stated period of time ~~of not less than~~between 6 months ~~nor more than~~and 5 years or for an indefinite period determined by

- 12 -

conditions stated in the order.  The judgment will state the conditions of the probation, which may include, but are not limited to, the following:

(1)-(6)     [No Change]

The respondent will reimburse the bar for the costs of supervision.  The respondent may be punished for contempt on petition by The Florida Bar, as provided elsewhere in these Rules Regulating The Florida Bar, on failure of a respondent to comply with the conditions of the probation or a finding of probable cause as to conduct of the respondent committed during the period of probation.  An order of the court imposing sanctions for contempt under this rule may also terminate the probation previously imposed.

**(d)**   **Public Reprimand.**  A public reprimand will be administered in the manner prescribed in the judgment but all reprimands will be reported in the Southern Reporter.  ~~Due notice will be given~~The bar will provide due notice to the respondent of any proceeding set to administer the reprimand.  The respondent must appear personally before the Supreme Court of Florida, the board of governors, any judge designated to administer the reprimand, or the referee, if required, and this appearance will be made a part of the record of the proceeding.

**(e)**   **Suspension.**  The respondent may be suspended from the practice of law for a period of time to be determined by the conditions imposed by the judgment or order or until further order of the court.  During this suspension, the respondent continues to be a member of The Florida Bar but without the privilege of practicing.  A suspension of 90 days or less does not require proof of rehabilitation or passage of the Florida bar examination, and the respondent will become eligible for all privileges of members of The Florida Bar on the expiration of the period of suspension.  A suspension of more than 90 days requires proof of rehabilitation and may require passage of all or part of the Florida bar examination and the respondent will not become eligible for all privileges of members of The Florida Bar until the court enters an

order reinstating the respondent to membership in The Florida Bar. No suspension will be ordered for a specific period of time more than 3 years.

An order or opinion imposing a suspension of 90 days or less will include a provision that prohibits the respondent from accepting new business from the date of the order or opinion until the end of the term of the suspension and will provide that the suspension is effective 30 days from the date of the order or opinion so that the respondent may close out the practice of law and protect the interests of existing clients, unless the court orders otherwise.

An order or opinion imposing a suspension of more than 90 days will include a provision that prohibits the respondent from accepting new business from the date of the order or opinion until the date of the court's order of reinstatement and will provide that the suspension is effective 30 days from the date of the order or opinion so that the respondent may close out the practice of law and protect the interests of existing clients, unless the court orders otherwise.

**(f)**    [No Change]

**(g)    Disciplinary Revocation.**  A disciplinary revocation is tantamount to a disbarment.  A respondent may petition for disciplinary revocation in lieu of defending against allegations of disciplinary violations.  If accepted by the Supreme Court of Florida, a disciplinary revocation terminates the respondent's status as a member of the bar.  A former bar member whose disciplinary revocation has been accepted may only be admitted again ~~upon~~on full compliance with the rules and regulations governing admission to the bar.  Like disbarment, disciplinary revocation terminates the respondent's license and privilege to practice law and requires readmission to practice under the Rules of the Supreme Court Relating to Admissions to the Bar.  No application for readmission may be tendered until the later of -5 years after the date of the order of the Supreme Court of Florida granting the petition for disciplinary revocation, or ~~such other~~another period of time in excess of 5 years contained in ~~said~~that order.

**(h)  Notice to Clients.**  Unless the court orders otherwise, when the respondent is served with an order of disbarment, disbarment on consent, disciplinary revocation, suspension, emergency suspension, emergency probation, or placement on the inactive list for incapacity not related to misconduct, the respondent must~~,~~ immediately furnish a copy of the order to all:

(1)  ~~all of the respondent's~~ clients of the respondent with matters pending in the respondent's practice;

(2)  ~~all~~ opposing counsel or co-counsel in the matters listed in (1), above;

(3)  ~~all~~ courts, tribunals, or adjudicative agencies before which the respondent is counsel of record; and

(4)  ~~all~~ state, federal, or administrative bars of which respondent is a member.

Within 30 days after service of the order the respondent must furnish bar counsel with a sworn affidavit listing the names and addresses of all persons and entities that have been furnished copies of the order.

**(i)  Forfeiture of Fees.**  An order of the Supreme Court of Florida or a report of minor misconduct adjudicating a respondent guilty of entering into, charging, or collecting a fee prohibited by the Rules Regulating The Florida Bar may order the respondent to forfeit all or any part of the fee ~~or any part thereof~~.  In the case of a clearly excessive fee, the excessive amount of the fee may be ordered returned to the client, and a fee otherwise prohibited by the Rules Regulating The Florida Bar may be ordered forfeited to The Florida Bar Clients' Security Fund and disbursed in accordance with its rules and regulations.

**(j)  Restitution.**  In addition to any of the foregoing disciplinary sanctions and any disciplinary sanctions authorized elsewhere in these rules, the respondent may be ordered or agree to

pay restitution to a complainant or other person if the disciplinary order finds that the respondent has received a clearly excessive, illegal, or prohibited fee, or that the respondent has converted trust funds or property.  The amount of restitution will be specifically set forth in the disciplinary order or agreement and will not exceed the amount by which a fee is clearly excessive, in the case of a prohibited or illegal fee will not exceed the amount of the fee, or in the case of conversion will not exceed the amount of the conversion established in disciplinary proceedings.  Restitution for an excessive fee will not exceed the amount by which that fee is clearly excessive. Restitution for a prohibited or illegal fee will not exceed the amount of the fee.  Restitution for a conversion will not exceed the amount of the conversion established in disciplinary proceedings.  The disciplinary order or agreement will alsomust state to whom restitution must be made and the date by which it must be completed.  Failure to comply with the order or agreement will cause the respondent to become a delinquent member and will not preclude further proceedings under these rules.  The respondent must provide the bar with telephone numbers and current addresses of all individuals or entities to whom the respondent is ordered to pay restitution.

**RULE 3-5.2.     EMERGENCY SUSPENSION; AND INTERIM PROBATION; OR INTERIM PLACEMENT ON THE INACTIVE LIST FOR INCAPACITY NOT RELATED TO MISCONDUCT; AND FREEZING TRUST ACCOUNTS**

(a)    ~~Petition for~~ Emergency Suspension.

(1)    [No Change]

(2)    *Discipline by Foreign Jurisdiction.*  The Supreme Court of Florida may issue an order suspending the lawyer on an emergency basis under this chapter on petition of The Florida Bar, authorized by its president, president-elect, or executive director and supported by a certified copy of an order of a foreign

- 16 -

disciplinary jurisdiction suspending or disbarring a lawyer from the practice of law ~~under rule 3-7.2~~.

(3) [No Change]

(4) *Appointment of Referee.* The Supreme Court of Florida will promptly appoint or direct the appointment of a referee on entry of an order of suspension.

(5) *New Cases and Existing Clients.* Any emergency suspension order issued under this subdivision immediately precludes the lawyer from accepting any new cases and, unless otherwise ordered, permits the lawyer to continue to represent existing clients for only the first 30 days after issuance of an emergency order. Any fees paid to the suspended lawyer during the 30-day period must be deposited in a trust account from which withdrawals may be made only in accordance with restrictions imposed by the court.

(6) *Motions for Dissolution.* The lawyer may move at any time to dissolve or amend an emergency order by motion filed with the Supreme Court of Florida, unless the bar has demonstrated, through a hearing or trial, the likelihood of prevailing on the merits on any of the underlying violations of the Rules Regulating The Florida Bar. The lawyer must serve a copy of the motion on bar counsel. The motion will not stay any other proceedings or applicable time limitations in the case and will immediately be assigned to a referee designated by the chief justice, unless the motion fails to state good cause or is procedurally barred as an invalid successive motion. The filing of the motion will not stay the operation of an emergency suspension order entered under this subdivision.

(7) *Successive Motions Prohibited.* The Supreme Court of Florida will summarily dismiss any successive motions for dissolution that raise issues that were, or with due diligence could have been, raised in a prior motion.

(8)    *Hearing on Petition to Terminate or Modify Suspension.*  The referee will hear a motion to terminate or modify a suspension imposed under this subdivision within 7 days of assignment and submit a report and recommendation to the Supreme Court of Florida in an electronic format approved by the supreme court within 7 days of the hearing date.  The referee will recommend dissolution or amendment, whichever is appropriate, if the bar cannot demonstrate a likelihood of prevailing on the merits on at least 1 of the underlying violations of the Rules Regulating The Florida Bar that establishes the respondent is causing great public harm.

(9)    *Review by the Supreme Court of Florida.*  The Supreme Court of Florida will review and act on the referee's findings and recommendations on receipt of the referee's report on the motion for dissolution or amendment.  Briefing schedules following the petition for review are as set forth in subchapter 3-7 of these rules.

(10)   *Hearings on Issues Raised in Petitions for Emergency Suspension and Sanctions.*  Once the Supreme Court of Florida has granted a petition for emergency suspension under this subdivision, the referee appointed by the court will hear the matter in the same manner as provided in rule 3-7.6, except that the referee will hear the matter after the lawyer charged has answered the charges in the petition for emergency suspension or when the time has expired for filing an answer.  The referee will issue a final report and recommendation in an electronic format approved by the supreme court within 90 days of appointment.  If the time limit specified in this subdivision is not met, that portion of an emergency suspension order will be automatically dissolved, except on order of the Supreme Court of Florida, provided that any other appropriate disciplinary action on the underlying conduct still may be taken.

**(b)    Petition for Interim Probation or Interim Placement on the Inactive List for Incapacity Not Related to Misconduct.**

(1)    *Petition.*  The Supreme Court of Florida may issue an order placing a lawyer on interim probation, under the

conditions provided in ~~subdivision (c) of~~ rule 3-5.1 or placing the lawyer on the inactive list for incapacity not related to misconduct as provided ~~in rule 3-7.13~~elsewhere in this chapter~~. The order may be issued~~ on petition of The Florida Bar, authorized by its president, president-elect, or executive director and supported by 1 or more affidavits demonstrating facts personally known to the affiants that, if unrebutted, would establish clearly and convincingly that conditions or restrictions on a lawyer's privilege to practice law in Florida are necessary to protect the public.

(2) *Formal Complaint, Answer, and Defenses.* ~~This~~The petition also constitutes the formal complaint. The respondent has 20 days after docketing by the Supreme Court of Florida of its order granting the bar's petition for interim probation in which to file an answer and any affirmative defenses to the bar's petition.

(3) *Appointment of Referee.* The Supreme Court of Florida will promptly appoint or direct the appointment of a referee on entry of an order of interim probation.

(4) *New Cases and Existing Clients.* Any order placing a lawyer on the inactive list for incapacity not related to misconduct under this subdivision immediately precludes the lawyer from accepting any new cases and, unless otherwise ordered, permits the lawyer to continue to represent existing clients for only the first 30 days after issuance of the order. Any fees paid to the lawyer during the 30-day period must be deposited in a trust account from which withdrawals may be made only in accordance with restrictions imposed by the court. An order placing the lawyer on interim probation under this subdivision may preclude the lawyer from accepting new cases either immediately or during a time specified in the order and may require that the lawyer deposit any fees paid to the lawyer during a specified time period in a trust account from which withdrawals may be made only in accordance with restrictions imposed by the order.

(5) *Hearings on Issues Raised in Petitions for Interim Probation.* Once the Supreme Court of Florida has granted a petition for interim probation under this rule, the referee appointed

- 19 -

by the court will hear the matter in the same manner as provided in rule 3-7.6, except that the referee will hear the matter after the lawyer charged has answered the charges in the petition for interim probation or when the time has expired for filing an answer.  The referee will issue a final report and recommendation in an electronic format approved by the supreme court within 90 days of appointment.  If the time limit specified in this subdivision is not met, that portion of an emergency order imposing an interim probation will be automatically dissolved, except on order of the Supreme Court of Florida, provided that any other appropriate disciplinary action on the underlying conduct still may be taken.

(6)    *Review by the Supreme Court of Florida.*  The Supreme Court of Florida will review and act on the referee's findings and recommendations regarding interim probations on receipt of the referee's report.  Briefing schedules following the petition for review are as set forth in subchapter 3-7 of these rules.

**(c)  Trust Accounts.**

(1)    *Effect of Order Restricting Lawyer Trust Account.* Any order of emergency suspension, orinterim probation, or interim placement on the inactive list that restricts the attorneylawyer in maintaining a trust account will be served on the respondent and any bank or other financial institution maintaining an account against which the respondent may make withdrawals.  The order serves as an injunction to preventenjoins the bank or financial institution from making further payment from the trust account or accounts on any obligation, except in accordance with restrictions imposed by the court through subsequent orders issued by a court-appointed referee.  Bar counsel will serve a copy of the Supreme Court of Florida's order freezing a lawyer's trust account via first class mail on any bank in which the respondent's trust account is held.

(2)    *Appointment of Referee.*  The Supreme Court of Florida will promptly appoint or direct the appointment of a referee on determination that funds have been misappropriated from a lawyer's trust account as provided above.

(~~1~~3)  *Referee's Authorization and Claims to Trust Funds.* The court's order appointing a referee under this rule may authorize the referee to determine entitlement to funds in the frozen trust account.  Any client or third party claiming ~~to be entitled~~entitlement to funds in the frozen trust account must file a petition requesting release of frozen trust account funds with the referee appointed in the case, accompanied by proof of entitlement to the funds.

(~~2~~4)  *Notice by Bar.*  ~~Bar counsel and bar auditors~~The bar will provide information to the appointed referee from bar audits and other existing information regarding persons claiming ~~ownership of~~entitlement to frozen trust account funds.  The bar will notify persons known to bar staff in writing via regular first class mail of their possible interest in funds contained in the frozen trust account.  The notices will include a copy of the form of a petition requesting release of frozen trust account funds to be filed with the referee and instructions for completing the form.  The bar will publish in the local county or city newspaper published where the lawyer practiced before suspension a notice informing the public that the lawyer's trust account has been frozen and those persons with claims on the funds should contact listed bar counsel within 30 days after publication whenever possible.

(5~~A~~)  *Appointment and Payment of Receiver.*  The referee may appoint a receiver to determine the persons rightfully entitled to the frozen trust account funds if there are no responses to the notices mailed and published by the bar within 90 days from the date of the notice or if the amount in the frozen trust account is over $100,000.  The receiver will be paid from the corpus of the trust funds unless the referee orders otherwise.

(6~~B~~)  *Summary Proceedings.*  ~~A referee will determine who is entitled to funds in the frozen trust account, unless~~The referee will unfreeze trust account funds if the amount in the frozen trust account is $5,000 or less and no persons with potential entitlement to frozen trust account funds respond to the bar's mailed or published notices within 90 days from the date of the notice. ~~In that event, the funds will be unfrozen.~~

(d7)  **Referee Review of Frozen Trust Account Petitions.***Referee Review of Frozen Trust Account Petitions.*  The referee determines when and how to pay the claim of any person entitled to funds in the frozen trust account after reviewing the bar's audit report, the lawyer's trust account records, the petitions filed, or the receiver's recommendations.  The referee may hold a hearing if the bar's audit report or other reliable evidence shows that funds have been stolen or misappropriated from the lawyer's trust account.  Subchapter 3-7 will not apply to a referee hearing under this rule.  No pleadings may be filed other than petitions requesting release of frozen trust account funds.  The parties to this referee proceeding are those persons filing a petition requesting release of frozen trust account funds.  The bar is not a party to the proceeding.  The referee's order is the final order in the matter unless one of the parties petitions for review of the referee's order to the Supreme Court of Florida.  The sole issue before the referee is determination of ~~ownership of~~entitlement to the frozen trust account funds.  The referee determines the percentage of monies missing from the respondent's trust account and the amounts owing to those petitioners requesting release of frozen trust account funds.  The referee will order a pro rata distribution if there are insufficient funds in the account to pay all claims in full.  ~~The referee's final order is subject only to direct petition for review by a party claiming an ownership interest in the frozen trust funds.  The petition for review must be filed within 60 days of the referee's final order.  The schedule for filing of briefs in the appellate process is as set forth in subchapter 3-7 of these rules.~~

(e8)  **Separate Funds in Frozen Trust Accounts.***Separate Funds in Frozen Trust Accounts.*  The referee will order return of any separate funds to their rightful owner(s) in full on the filing of a petition requesting release of frozen trust account funds with proof of entitlement to the funds.  Separate funds are monies deposited into the respondent's trust account after the misappropriation, which are not affected by the misappropriation, and funds that have been placed in~~to~~ a separate segregated individual trust account under the individual client's tax identification number.

(9) *Review by Supreme Court of Florida.* The referee's final order is subject only to direct petition for review by a party claiming entitlement to the frozen trust account funds. The petition for review must be filed within 60 days of the referee's final order. Briefing schedules after the petition for review is filed are set forth in subchapter 3-7 of these rules.

**(f) New Cases and Existing Clients.** Any order of emergency suspension issued under this rule immediately precludes the lawyer from accepting any new cases and, unless otherwise ordered, permits the lawyer to continue to represent existing clients for only the first 30 days after issuance of an emergency order. Any fees paid to the suspended lawyer during the 30-day period must be deposited in a trust account from which withdrawals may be made only in accordance with restrictions imposed by the court.

**(g) Motions for Dissolution.** The lawyer may move at any time for to dissolve or amend an emergency order by motion filed with the Supreme Court of Florida, unless the bar has demonstrated, through a hearing or trial, the likelihood of prevailing on the merits on any of the underlying violations of the Rules Regulating The Florida Bar. The lawyer must serve a copy of the motion on bar counsel. The motion will not stay any other proceedings or applicable time limitations in the case and will immediately be assigned to a referee designated by the chief justice, unless the motion fails to state good cause or is procedurally barred as an invalid successive motion. The filing of the motion will not stay the operation of an order of emergency suspension or interim probation entered under this rule.

**(h) Appointment of Referee.** On entry of an order of suspension or interim probation, as provided above, the Supreme Court of Florida will promptly appoint or direct the appointment of a referee. On determination that funds have been misappropriated from a lawyer's trust account as provided above, the Supreme Court of Florida will promptly appoint or direct the appointment of a referee.

**(i)    Hearing on Petition to Terminate or Modify Suspension.** The referee will hear a motion to terminate or modify a suspension or interim probation imposed under this rule within 7 days of assignment and submit a report and recommendation to the Supreme Court of Florida within 7 days of the hearing date. The referee will recommend dissolution or amendment, whichever is appropriate, if the bar cannot demonstrate a likelihood of prevailing on the merits on at least 1 of the underlying violations of the Rules Regulating The Florida Bar that establishes that the respondent is causing great public harm.

**(j)    Successive Motions Prohibited.** The Supreme Court of Florida will summarily dismiss any successive motions for dissolution that raise issues that were, or with due diligence could have been, raised in a prior motion.

**(k)    Review by the Supreme Court of Florida.** The Supreme Court of Florida will review and act on the referee's findings and recommendations regarding emergency suspensions and interim probations on receipt of the referee's report on the motion for dissolution or amendment. This subdivision does not apply to a referee's final order to determine ownership of funds in frozen trust accounts. These final orders of referee are reviewable by the Supreme Court of Florida only if a party timely files a petition for review under this rule. Briefing schedules following the petition for review are as set forth in subchapter 3-7 of these rules.

**(l)    Hearings on Issues Raised in Petitions for Emergency Suspension or Interim Probation and Sanctions.** Once the Supreme Court of Florida has granted a petition for emergency suspension or interim probation under this rule, the referee appointed by the court will hear the matter in the same manner as provided in rule 3-7.6, except that the referee will hear the matter after the lawyer charged has answered the charges in the petition for emergency suspension or interim probation or when the time has expired for filing an answer. The referee will issue a final report and recommendation within 90 days of appointment. If the time limit specified in this subdivision is not met, that portion of an

~~emergency order imposing a suspension or interim probation will be automatically dissolved, except on order of the Supreme Court of Florida, provided that any other appropriate disciplinary action on the underlying conduct still may be taken.~~

**(~~m~~d)** **Proceedings in the Supreme Court of Florida.** The Supreme Court of Florida will expedite consideration of the referee's report and recommendation regarding emergency suspension and interim probation. The chief justice will schedule oral argument as soon as practicable, if granted.

**(~~n~~e)** **Waiver of Time Limits.** The respondent may, at any time, waive the time requirements set forth in this rule by written request made to and approved by the referee assigned to hear the matter.

**RULE 3-5.3.   DIVERSION OF DISCIPLINARY CASES TO PRACTICE AND PROFESSIONALISM ENHANCEMENT PROGRAMS**

**(a)** **Authority of Board.** The board of governors is ~~hereby~~ authorized to establish practice and professionalism enhancement programs to which eligible disciplinary cases may be diverted as an alternative to disciplinary sanction.

**(b)** [No Change]

**(c)** **Limitation on Diversion.** A respondent who has been the subject of a prior diversion is not eligible for diversion for the same type of rule violation for a period of 5 years after the earlier diversion. ~~However, a~~A respondent who has been the subject of a prior diversion and then is alleged to have violated a completely different type of rule at least 1 year after the initial diversion~~,~~ will be eligible for a practice and professionalism enhancement program.

**(d)** **Approval of Diversion of Cases at Staff or Grievance Committee Level Investigations.** The bar ~~shall~~will not offer a respondent the opportunity to divert a disciplinary case that is

pending at staff or grievance committee level investigations to a practice and professionalism enhancement program unless staff counsel, the grievance committee chair, and the designated reviewer concur.

**(e)** **Contents of Diversion Recommendation.**  If a diversion recommendation is approved as provided in subdivision (d), the recommendation ~~shall~~must state the practice and professionalism enhancement program(s) to which the respondent ~~shall~~will be diverted, ~~shall state~~ the general purpose for the diversion, and the costs ~~thereof~~ to be paid by the respondent.

**(f)** **Service of Recommendation on and Review by Respondent.**  If a diversion recommendation is approved as provided in subdivision (d), the bar must serve the recommendation ~~shall be served~~ on the respondent, who may accept or reject a diversion recommendation in the same manner as provided for review of recommendations of minor misconduct.  The respondent ~~shall~~does not have the right to reject any specific requirement of a practice and professionalism enhancement program.

**(g)** **Effect of Rejection of Recommendation by Respondent.**  ~~In the event that~~If a respondent rejects a diversion recommendation the matter ~~shall~~will be returned for further proceedings under these rules.

**(h)** **Diversion Before Formal Complaint is Filed.**  The procedures for approval of consent judgments provided elsewhere in these rules apply to diversion before the filing of a formal complaint.

**(h̶i̲)** **Diversion at Trial Level.**

(1)  *Agreement of the Parties.*  A referee may recommend diversion of a disciplinary case to a practice and professionalism enhancement program if the bar approves diversion and the respondent agrees.  The procedures for approval of conditional pleas provided elsewhere in these rules ~~shall~~ apply to diversion at the trial level.

(2)     [No Change]

(3)     *Costs of Practice and Professionalism Enhancement Program.*  A referee's recommendation of diversion to a practice and professionalism enhancement program ~~shall~~must state the costs ~~thereof~~ to be paid by the respondent.

(4)     *Appeal of Diversion Recommendation.*  The respondent and the bar ~~shall~~ have the right to appeal a referee's recommendation of diversion, except ~~in the case of~~for a diversion agreed to under subdivision (~~h~~i)(1).

(5)     *Authority of Referee to Refer a Matter to a Practice and Professionalism Enhancement Program.*  Nothing in this rule ~~shall~~ precludes a referee from referring a disciplinary matter to a practice and professionalism enhancement program as a part of a disciplinary sanction.

**(i~~j~~)     Effect of Diversion.**  When the recommendation of diversion becomes final, the respondent ~~shall~~must enter the practice and professionalism enhancement program(s) and complete their requirements ~~thereof~~.  ~~Upon respondent's entry into a practice and professionalism enhancement program, the~~The bar ~~shall~~will terminate its investigation into the matter and close its disciplinary files ~~shall be closed~~ indicating the diversion on a respondent's entry into a practice and professionalism enhancement program.  Diversion into the practice and professionalism enhancement program ~~shall not constitute~~is not a disciplinary sanction.

**(j~~k~~)     Effect of Completion of the Practice and Professionalism Enhancement Program.**  ~~If a respondent successfully completes all requirements of the practice and professionalism enhancement program(s) to which the respondent was diverted, the~~The bar's file ~~shall~~will remain closed if a respondent successfully completes all requirements of the practice and professionalism enhancement program(s) to which the respondent is diverted.

**(k_l_)    Effect of Failure to Complete the Practice and Professionalism Enhancement Program.** ~~If a respondent fails to fully complete all requirements of the practice and professionalism enhancement program(s) to which the respondent was diverted, including the payment of costs thereof, the~~The bar may reopen its disciplinary file and conduct further proceedings under these rules <u>if a respondent fails to complete all requirements of the practice and professionalism enhancements program(s) to which the respondent is diverted, including payment of associated costs</u>.  Failure to complete the practice and professionalism enhancement program ~~shall be considered as~~<u>is</u> an ~~matter of aggravation~~<u>aggravating factor</u> when imposing a disciplinary sanction.

**(l_m_)  Costs of Practice and Professionalism Enhancement Programs.**  The Florida Bar ~~shall~~<u>will</u> annually determine the costs of practice and professionalism enhancement programs and publish the amount of the costs ~~thereof that shall~~<u>to</u> be assessed against and paid by a respondent.

## Comment

As to subdivision (c) of 3-5.3, a lawyer who agreed to attend the Advertising Workshop in 1 year would not be eligible for ~~another such~~ diversion for an advertising violation for a period of 5 years following the first diversion.  However, that same lawyer would be eligible to attend the Advertising Workshop 1 year and <u>then attend</u> a Trust Account Workshop for a completely different violation 1 year after the first diversion is completed.

## RULE 3-6.1.    GENERALLY

**(a)    Authorization and Application.**  Except as limited in this rule, persons or entities providing legal services may employ ~~suspended lawyers, lawyers on the inactive list due to incapacity, and former lawyers who have been disbarred or whose disciplinary resignations or disciplinary revocations have been granted by the Supreme Court of Florida (for purposes of this rule these lawyers and former lawyers are referred to as "individual(s) subject to this~~

~~rule")~~ certain lawyers or former lawyers to perform those services that may ethically be performed by nonlawyers employed by authorized business entities. For purposes of this rule:

(1)    these lawyers and former lawyers are referred to as "individual(s) subject to this rule";

(2)    "individuals subject to this rule" includes lawyers who are on the inactive list due to incapacity or who are suspended or have been disbarred by a court or other authorized disciplinary agency of this or another jurisdiction;

(3)    the term "disbarred" includes disciplinary resignation and revocation, permanent retirement in lieu of discipline, or their substantial equivalents; and

(4)    An individual subject to this rule is considered employed by an entity providing legal services if the individual is a salaried or hourly employee, volunteer worker, or an independent contractor, or is engaged to provide services to the client arising from or related to the client's legal representation at the recommendation of the entity or any of its members or employees.

**(b)-(c)**  [No Change]

**(d)    Prohibited Conduct.**

(1)    [No Change]

(2)    *Trust Funds or Property.*  Individuals subject to this rule must not receive, disburse, or otherwise handle trust funds or property as defined in chapter 5 of these rules. Individuals subject to this rule must not act as fiduciaries for any funds or property of their clients or former clients, their employers' clients or former clients, or the clients or former clients of any entity in which ~~their~~an employer is a beneficial owner.

(3)    [No Change]

- 29 -

**(e)-(f)**     [No Change]

**Comment**
[No Change]

## RULE 3-7.1.    CONFIDENTIALITY

**(a)    Scope of Confidentiality.**  All records including files, preliminary investigation reports, interoffice memoranda, records of investigations, and the records in trials and other proceedings under these rules, except those disciplinary matters conducted in circuit courts, are property of The Florida Bar.  All of those matters are confidential and will not be disclosed except as provided in these rules.  When disclosure is permitted under these rules, it will be limited to information concerning the status of the proceedings and any information that is part of the public record as defined in these rules.

Unless otherwise ordered by this court or the referee in proceedings under these rules, nothing in these rules prohibits the complainant, respondent, or any witness from disclosing the existence of proceedings under these rules, or from disclosing any documents or correspondence served on or provided to those persons except where disclosure is prohibited in chapter 4 of these rules or by statutes and caselaw regarding attorney-client privilege.

(1)    [No Change]

(2)    *Minor Misconduct Cases*.  Any case ~~in which~~that has been concluded by a finding of minor misconduct ~~has been entered by action of the grievance committee or board~~ is public information.

(3)    *Probable Cause Cases*.  Any disciplinary case ~~in which~~that has a finding of probable cause for further disciplinary proceedings ~~has been entered~~ is public information.  ~~For purposes of this subdivision, a finding of probable cause is deemed in those cases authorized by rule 3-3.2(a~~b~~), for the filing of a formal~~

- 30 -

~~complaint without the requirement of a finding of probable cause~~. Cases in which a formal complaint has been filed under rule 3-3.2(b) without a finding of probable cause are public on filing the complaint.

(4)    [No Change]

(5)    *Diversion or Referral to Grievance Mediation and Fee Arbitration Program.*  Any disciplinary case that has been concluded by diversion to a practice and professionalism enhancement program or by referral to the grievance mediation and fee arbitration program is public information ~~on the entry of such a recommendation~~.

(6)-(12)    [No Change]

**(b)-(i)**    [No Change]

**(j)    Chemical Dependency and Psychological Treatment.** That a lawyer, judge, or justice has voluntarily sought, received, or accepted treatment for chemical dependency or psychological problems is confidential and will not be admitted as evidence in disciplinary proceedings under these rules unless agreed to by the lawyer, judge, or justice who sought, received, or accepted the treatment.

For purposes of this subdivision, a lawyer, judge, or justice is deemed to have voluntarily sought, received, or accepted treatment for chemical dependency or psychological problems if the lawyer, judge, or justice was not under compulsion of law or rule to do so, or if the treatment is not a part of conditional admission to The Florida Bar or of a disciplinary sanction imposed under these rules.

It is the purpose of this subdivision to encourage lawyers, judges, and justices to voluntarily seek advice, counsel, and treatment available to lawyers, judges, and justices, without fear that the fact it is sought or rendered will ~~or might cause embarrassment in any future disciplinary matter~~be admitted as evidence in disciplinary proceedings under these rules.

**(k)-(m)**     [No Change]


### RULE 3-7.3.     REVIEW OF INQUIRIES, COMPLAINT PROCESSING, AND INITIAL INVESTIGATORY PROCEDURES

**(a)     Screening of Inquiries.**  ~~Prior to opening a disciplinary file, bar~~Bar counsel ~~shall~~must review ~~the~~each written inquiry ~~made~~ and determine whether the alleged conduct, if proven, would constitute a violation of the Rules Regulating The Florida Bar warranting the imposition of discipline before opening a disciplinary file.  ~~If bar counsel determines that the facts allege a fee dispute which, if proven, would probably not constitute a clear violation under these rules, bar~~Bar counsel may~~, with the consent of the complainant and respondent,~~ refer the matter to The Florida Bar Grievance Mediation and Fee Arbitration Program under chapter 14 with the consent of the complaining witness and respondent if bar counsel determines that the facts allege a fee dispute which, if proven, would probably not constitute a clear violation under these rules.  ~~If~~Bar counsel may decline to pursue the inquiry if bar counsel determines that the facts, if proven, would not constitute a violation of the Rules Regulating The Florida Bar warranting the imposition of discipline~~, bar counsel may decline to pursue the inquiry~~.  A decision by bar counsel not to pursue an inquiry ~~shall~~does not preclude further action or review under the Rules Regulating The Florida Bar.  ~~The~~Bar counsel must notify ~~complainant~~the complaining witness and respondent ~~shall be notified~~ of a decision not to pursue an inquiry ~~and shall be given~~and the reasons bar counsel closed the inquiry~~therefor~~.


**(b)     Complaint Processing and Bar Counsel Investigation.**  ~~If bar counsel decides to pursue an inquiry,~~Bar counsel will open a disciplinary file ~~shall be opened and the inquiry shall be considered as a complaint, if the form requirement of subdivision (c) is met~~if bar counsel determines further investigation is warranted.  Bar counsel ~~shall~~must investigate the allegations contained in ~~the~~any written complaint that is signed under oath as provided in this rule.

Bar counsel may open a disciplinary file and investigate when bar counsel possesses information that indicates a bar member may have violated any Rules Regulating The Florida Bar.  Bar counsel may obtain subpoenas for witness attendance and the production of documentary evidence in accordance with Rule 3-7.11.

**(c)** **Form for Complaints.**  All complaints must be in writing and signed under penalty of perjury, except those initiated by The Florida Bar, shall be in writing and under oath.  Complaints may be signed electronically and submitted to the bar electronically.  The complaint shallmust contain a statement providing:

> Under penalty of perjury, I declare the foregoing facts are true, correct, and complete.

**(d)** **Dismissal of Disciplinary Cases.**  Bar counsel may dismiss disciplinary cases if, after complete investigation, bar counsel determines, after complete investigation, that the facts show that the respondent did not violate the Rules Regulating The Florida Bar.  Dismissal by bar counsel shalldoes not preclude further action or review under the Rules Regulating The Florida Bar.  Nothing in these rules shall preclude barBar counsel from obtainingmay dismiss a case with or without a letter of advice with the concurrence of the grievance committee chair on the dismissal of a case or on dismissal of the case with issuance of a letter of advice as described elsewhere in these Rules Regulating The Florida Bar.  If a disciplinary case is dismissed, the complainant shall be notified of the dismissal and shall be given the reasons thereforBar counsel must notify the complainant of the dismissal and reasons for dismissal.

**(e)** **Diversion to Practice and Professionalism Enhancement Programs.**  Bar counsel may recommend diversion of disciplinary cases as provided elsewhere in these rules if, after complete investigation, bar counsel determines that the facts show that the respondent's conduct did not constitute disciplinary violations more severe than minor misconduct.

**(f)** [No Change]

**(g) Information Concerning Closed Inquiries and Complaints Dismissed by Staff.** ~~When bar counsel does not pursue an inquiry or dismisses a disciplinary case, such action shall be~~<u>Bar counsel's closure of an inquiry or complaint is</u> deemed a finding of no probable cause for further disciplinary proceedings and ~~the matter shall~~ become<u>s</u> public ~~information~~<u>in accordance with this subchapter.</u>

## RULE 3-7.4.    GRIEVANCE COMMITTEE PROCEDURES

**(a) Notice of Hearing.** ~~When notice of a grievance committee hearing is sent to the respondent, such notice shall be accompanied by~~<u>The bar must provide</u> a list of the grievance committee members <u>with the notice of grievance committee hearing sent to the respondent.</u>

**(b) Complaint Filed With Grievance Committee.** A <u>grievance committee that receives a</u> complaint ~~received by a committee~~ direct<u>ly</u> from a complainant ~~shall be reported~~<u>must report it</u> to the appropriate bar counsel for docketing and assignment of a case number, unless the committee resolves the complaint within 10 days after receipt of the complaint.  A written report to bar counsel ~~shall~~<u>must</u> include the following information:  complainant's name and address, respondent's name, date complaint received by committee, copy of complaint letter or summary of the oral complaint made, and the name of the committee member assigned to the investigation.  Formal investigation by a grievance committee may proceed after the matter has been referred to bar counsel for docketing.

**(c) Investigation.** A grievance committee is required to consider all charges of misconduct forwarded to the committee by bar counsel<u>,</u> whether based ~~up~~on a written complaint or not.  <u>The grievance committee may issue subpoenas in accordance with Rule 3-7.11.</u>

- 34 -

**(d)** **Conduct of Proceedings.** The proceedings of grievance committees may be informal in nature and the committees ~~shall~~are not ~~be~~ bound by the rules of evidence.

**(e)** **No Delay for Civil or Criminal Proceedings**. An investigation ~~shall~~may not be deferred or suspended without the approval of the ~~board~~appropriate designated reviewer, even though the respondent is ~~made~~ a party to civil litigation or is a defendant or is acquitted in a criminal action, ~~notwithstanding that either of such~~even if the proceedings involve~~s~~ the subject matter of the investigation.

**(f)** **Counsel and Investigators.** ~~Upon request of a grievance committee, staff~~Staff counsel may appoint a bar counsel or an investigator to assist the grievance committee in an investigation, at the committee's request. Bar counsel ~~shall~~will assist each grievance committee in carrying out its investigative and administrative duties and ~~shall~~will prepare status reports for the committee, notify complainants and respondents of committee actions as appropriate, and prepare all reports reflecting committee findings of probable cause, no probable cause, recommended discipline for minor misconduct, and letters of advice after no probable cause findings.

**(g)** **Quorum, Panels, and Vote.**

(1) *Quorum.* Three members of the committee, 2 of whom must be lawyers, ~~shall~~ constitute a quorum.

(2) *Panels.* The grievance committee may be divided into panels of not fewer than 3 members, at least 2/3 of whom must be lawyers. ~~Division of the~~The grievance committee may be divided into panels ~~shall~~ only ~~be up~~on concurrence of the designated reviewer and the chair of the grievance committee. The ~~3-member~~ panel ~~shall~~will elect 1 of its lawyer members to preside over the panel's actions. If the chair or vice-chair is a member of a ~~3-member~~ panel, the chair or vice-chair ~~shall be~~is the presiding officer.

(3)    *Vote.* All findings of probable cause and recommendations of guilt of minor misconduct ~~shall~~must be made by affirmative vote of a majority of the committee members present, which majority must number at least 2 members. There ~~shall be~~is no required minimum number of lawyer members voting in order to satisfy the requirements of this rule. The number of committee members voting for or against the committee report ~~shall~~must be recorded. Minority reports may be filed. A lawyer grievance committee member may not vote on the disposition of any matter in which that member served as the investigating member of the committee.

**(h)    Rights and Responsibilities of the Respondent.** The respondent may be required to testify and ~~to~~ produce evidence, as any other witness, unless the respondent claims a privilege or right properly available to the respondent under applicable federal or state law. The respondent may be accompanied by counsel. ~~At a reasonable time before any finding of probable cause or minor misconduct is made, the~~The bar must advise the respondent ~~shall be advised~~ of the conduct that is being investigated and the rules that may have been violated at a reasonable time before any finding of probable cause or minor misconduct is made. The bar must provide the respondent ~~shall be provided~~ with all materials considered by the committee and ~~shall be given~~give the respondent an opportunity to make a written statement, sworn or unsworn, explaining, refuting, or admitting the alleged misconduct.

**(i)    Rights of the Complaining Witness.** The complaining witness is not a party to the disciplinary proceeding. ~~Unless it is found to be impractical by the chair of the grievance committee due to unreasonable delay or other good cause, the~~The complainant ~~shall be granted~~has the right to be present at any grievance committee hearing when the respondent is present before the committee, unless found impractical by the chair of the grievance committee for unreasonable delay or other good cause. ~~Neither unwillingness nor neglect of the complaining witness to cooperate, nor settlement, compromise, or restitution, will excuse the completion of an investigation.~~The bar's investigation will be completed, regardless of whether the complaining witness is

uncooperative, delays, or notifies the bar of settlement or compromise with the respondent or that the respondent has made restitution. The complaining witness shall have has no right to appeal.

**(j) Finding of No Probable Cause.**

(1) *Authority of Grievance Committee.* A grievance committee may terminate an investigation by finding that no probable cause exists to believe that the respondent has violated these rules. The committee may issue a letter of advice to the respondent in connection with the finding of no probable cause.

(2) *Notice of Committee Action.* Bar counsel shall must notify the respondent and complainant of the action of the committee.

(3) *Effect of No Probable Cause Finding.* A finding of no probable cause by a grievance committee shall does not preclude the reopening of the case and further proceedings therein.

(4) *Disposition of Committee Files.* Upon the termination of the grievance committee's investigation, the committee's The committee will forward its file shall be forwarded to bar counsel for disposition in accord with under established bar policy.

**(k) Letter Reports in No Probable Cause Cases.** Upon a finding of no probable cause, bar Bar counsel will submit a letter report of the a no probable cause finding to the complainant, presiding member, investigating member, and the respondent, including any appropriate documentation, deemed appropriate by bar counsel and explaining why the complaint did not warrant further proceedings. Letters of advice issued by a grievance committee in connection with findings of no probable cause shall must be signed by the presiding member of the committee. Letter reports and letters of advice shall do not constitute a disciplinary sanction.

**(*l*)   Preparation, Forwarding, and Review of Grievance Committee Complaints.**  If a grievance committee or the board of governors finds probable cause, the bar counsel assigned to the committee ~~shall~~must promptly prepare a record of its investigation and a formal complaint.  The record before the committee ~~shall~~ consist~~s~~ of all reports, correspondence, papers, ~~and/~~or recordings ~~furnished~~provided to or received from the respondent, and the transcript of grievance committee meetings or hearings, if the proceedings were attended by a court reporter~~; provided, however, that the~~.  The committee may retire into ~~private~~executive session to debate the issues involved and ~~to reach a decision as to~~decide the action to be taken.  The formal complaint ~~shall~~must be approved by the member of the committee who presided in the proceeding.  The board prescribes the form of formal complaint~~s shall be in such form as shall be prescribed by the board~~.  If the presiding member of the grievance committee disagrees with the form of the complaint, the presiding member may direct bar counsel to make changes ~~accordingly~~.  If bar counsel does not agree with the changes, the matter ~~shall be~~is referred to the designated reviewer of the committee for appropriate action.  When a formal complaint by a grievance committee is not referred to the designated reviewer~~,~~ or is not returned to the grievance committee for further action, the formal complaint ~~shall~~must be promptly forwarded to and reviewed by staff counsel.  Staff counsel ~~shall~~must file the formal complaint and ~~furnish~~provide a copy to the respondent.  Staff counsel ~~shall~~must request the Chief Justice of the Supreme Court of Florida to assign a referee or to order the chief judge of the appropriate circuit to assign a referee to try the ~~cause~~case.  A copy of the record ~~shall~~will be made available to the respondent at the respondent's expense.

If, at any time before the filing of a formal complaint, bar counsel, staff counsel, and the designated reviewer all agree that appropriate reasons indicate that the formal complaint should not be filed, the case may be returned to the grievance committee for further action.

**(m)   Recommendation of Admonishment for Minor Misconduct.**  If the committee recommends an admonishment for

minor misconduct, <u>bar counsel drafts</u> the grievance committee report ~~shall be drafted by bar counsel~~, and the presiding member signs it ~~and signed by the presiding member~~.  The committee report need only include:  (1) the committee's recommendations regarding the admonishment, revocation of certification, and conditions of recertification; (2) the committee's recommendation as to the method of administration of the admonishment; (3) a summary of any additional charges that will be dismissed if the admonishment is approved; (4) any comment on mitigating, aggravating, or evidentiary matters ~~that~~ the committee believes will be helpful to the board in passing ~~up~~on the admonishment recommendation; and (5) an admission of minor misconduct signed by the respondent, if the respondent has admitted guilt to minor misconduct.  No record need be submitted with ~~such a~~<u>the</u> report.  After the presiding member signs the grievance committee report, the report ~~shall be~~<u>is</u> returned to bar counsel.  The report recommending an admonishment ~~shall~~<u>must</u> be forwarded to staff counsel and the designated reviewer for review.  If staff counsel does not return the report to the grievance committee to remedy a<u>ny</u> defect ~~therein~~, or if the designated reviewer does not present the ~~same~~<u>report</u> to the disciplinary review committee for action by the board, <u>bar counsel will then serve</u> the report ~~shall then be served~~ on the respondent ~~by bar counsel~~.

**(n)  Rejection of Admonishment.**  The order of admonishment ~~shall~~ become<u>s</u> final unless rejected by the respondent within ~~15~~<u>30</u> days after service ~~up~~on the respondent.  If rejected by the respondent, ~~the report shall be referred to~~ bar counsel ~~and referee for trial on complaint of minor misconduct to be prepared by bar counsel~~<u>will prepare a formal complaint</u> as in ~~the case of~~ a finding of probable cause.

**(*o*)  Recommendation of Diversion to Remedial Programs.**  A grievance committee may recommend, as an alternative to issuing a finding of minor misconduct or no probable cause with a letter of advice, diversion of the disciplinary case to a practice and professionalism enhancement program as provided elsewhere in these rules.  A respondent may reject the diversion recommendation in the same manner as provided in the rules applicable to rejection

of findings of minor misconduct.  In the event that a respondent rejects a recommendation of diversion, the matter ~~shall be~~is returned to the committee for further proceedings.

**RULE 3-7.6.    PROCEDURES BEFORE A REFEREE**

**(a)**    [No Change]

**(b)    Trial by Referee.**  Proceedings after assignment of a referee ~~on the bar's filing a formal complaint~~ are adversary proceedings conducted under this rule.

**(c)-(g)**    [No Change]

**(h)    Pleadings.**  Pleadings may be informal and must comply with the following.

(1)    *Complaint; Consolidation and Severance.*

(A)    [No Change]

(B)    Content.  The complaint must set forth the particular act or acts of conduct for which the ~~Florida Bar member~~respondent is sought to be disciplined.

(C)    [No Change]

(2)-(4)    [No Change]

(5)    *Filing and Service of Pleadings.*

(A)    Before Appointment of Referee.  Any pleadings filed in a case before appointment of a referee must be filed with the Supreme Court of Florida in an electronic format approved by the supreme court and must include a certificate of service showing parties on whom service of copies has been made.  The Supreme Court of Florida notifies the parties of the referee's appointment and

forwards all pleadings filed with the court to the referee for action on appointment of the referee.

(B)    After Appointment of Referee.  All pleadings, motions, notices, and orders filed after appointment of a referee must be filed with the referee in an electronic format approved by the supreme court and must include a certificate of service showing service of a copy on the bar's staff counsel and bar counsel and on all interested parties to the proceedings.

(C)    Subpoenas for witness attendance and production of documentary evidence before a referee must be issued by the referee and must be served either in the manner provided by law for the service of process or by an investigator employed by ~~The Florida Bar~~the bar.

(6)-(8)    [No Change]

**(i)-(j)**    [No Change]

**(k)    Complaining Witness.**  The complaining witness is not a party to the disciplinary proceeding and has no rights other than those of any other witness.  The referee may grant the complaining witness the right to be present at any hearing when the respondent is also present after the complaining witness has testified during the case in chief, unless the complaining witness' presence is found to be impractical due to unreasonable delay or other good cause.  A complaining witness may be called on to testify and produce evidence as any other witness.  The bar may proceed with trial regardless of a ~~complainant's~~complaining witness' lack of cooperation or any settlement, compromise, or restitution between the respondent and ~~complainant~~complaining witness. The complaining witness has no right to appeal.

**(*l*)**    [No Change]

**(m)    Referee's Report.**

- 41 -

(1)-(2)     [No Change]

(3)     *Filing of Report.* The referee must file the report and record of proceedings with the Supreme Court of Florida in an electronic format approved by the supreme court. The referee must serve copies of the report on the parties including staff counsel. Bar counsel will make a copy of the record, as filed, available to other parties on request and payment of the actual costs of reproduction. The referee may not file the report of referee and record until the time for filing a motion to assess costs has expired and no motion has been filed or, if the motion was timely filed, until the motion has been considered and a ruling entered.

**(n)    The Record.**

(1)     *Recording of Testimony.* A court reporter must attend and record all testimony at all hearings at which testimony is presented. Transcripts of testimony are not required to be filed in the matter. Any party requesting transcripts be filed in the matter must pay the cost of transcription directly to the court reporter. ~~Transcripts ordered filed by the referee~~If the referee orders that transcripts be filed, they are subject to assessment as costs as elsewhere provided in these rules.

(2)    [No Change]

(3)    *Preparation and Filing.* The referee, with the assistance of bar counsel, prepares the record, certifies that the record is complete, serves a copy of the index of the record on the respondent and The Florida Bar, and files the record with the office of the clerk of the Supreme Court of Florida in an electronic format approved by the supreme court.

(4)    [No Change]

**(o)-(q)**    [No Change]

**Court Comment**
[No Change]

- 42 -

**Comment**
[No Change]


**RULE 3-7.7.    PROCEDURES BEFORE SUPREME COURT OF FLORIDA**

All ~~reports of a~~ referee reports and all judgments entered in proceedings under these rules are subject to review by the Supreme Court of Florida in the following manner~~:~~.

**(a)    Right of Review.**

(1)    Any party to a proceeding may request review of all or part of a referee's report ~~of a referee~~ or judgment entered under these rules.

(2)    The Supreme Court of Florida reviews all referee reports and judgments ~~of referees~~ recommending probation, public reprimand, suspension, disbarment, or revocation pending disciplinary proceedings.

(3)    [No Change]

**(b)**    [No Change]

**(c)    Procedure for Review.**  The Supreme Court of Florida will conduct its review using the following procedures~~:~~.

(1)    *Notice of Intent to Seek Review of Report of Referee.* A party to a bar disciplinary proceeding ~~seeking review of a report of referee~~ must ~~give~~file notice of ~~that~~ intent to seek review of a referee's report, specifying any portion of the referee's report to be reviewed, within 60 days of the date on which the referee's report is docketed by the Clerk of the Supreme Court of Florida in an electronic format approved by the Supreme Court of Florida.  The Florida Bar will provide prompt written notice of the board's action, if any, to the respondent.  ~~The proceeding begins by filing with the Supreme~~

- 43 -

~~Court of Florida notice of intent to seek review of a report of referee,
specifying those portions of the report of a referee sought to be
reviewed.  Within 20 days after service of the notice of intent to seek
review, the~~The opposing party may file a cross-notice for review
specifying any additional portion of the_ referee's report for which
~~that party seeks review~~ within 20 days after service of the notice.
The filing of the notice or cross-notice to seek review is
jurisdictional ~~as to a review to be procured as a matter of~~, and the
party who fails to timely file notice loses supreme court review as a
right~~., but the~~  The court may, in its discretion, consider a late-filed
notice or cross-notice on a showing of good cause.

> (2)    *Record on Review.*  The report and record filed by
the referee ~~shall~~ constitute the record on review.  If hearings were
held at which testimony was heard, but no transcripts were filed in
the matter, the party seeking review must order preparation of all
transcripts, file the transcripts with the court, and serve copies on
the opposing party on or before the time of filing of the initial brief,
as provided elsewhere in this rule.  The party seeking review must
pay the court reporter cost of transcript preparation.  Failure to
timely file and serve transcripts may be cause to dismiss the party's
petition for review.

> (3)    [No Change]

> (4)    *Oral Argument.*  Request for oral argument may be
filed in any case a party files a notice of intent to seek review at the
time of filing the first brief.  If no request is filed, the case will be
disposed of without oral argument, unless the court orders
otherwise.

> (5)    [No Change]

> (6)    *Judgment of Supreme Court of Florida.*

> (A)    Authority.  ~~After review, the~~The Supreme Court
of Florida will enter an appropriate order or judgment after review.
If no review is sought of a referee's report ~~of a referee~~ entered under
the rules and filed in the court, the findings of fact are deemed

- 44 -

conclusive, and the referee's recommended disciplinary measure will be the disciplinary measure imposed by the court, unless the court directs the parties to submit briefs or conduct oral argument on the suitability of the referee's recommended disciplinary measure. A referee's report that becomes final when no review has been timely filed will be reported in an order of the Supreme Court of Florida.

(B) Form. The court's judgment may include judgment in favor of any:

(i) the party to whom costs are awarded;

(ii) the person(s) to whom restitution is ordered; or

(iii) the person(s) to whom a fee is ordered to be forfeited.

(7) *Procedures on Motions to Tax Costs.* The court may consider a motion to assess costs if the motion is filed within 10 days of the entry of the court's order or opinion where the referee finds the respondent not guilty at trial and the court, on review, finds the respondent guilty of at least 1 rule violation and does not remand the case to the referee for further proceedings or where the respondent was found guilty at trial and the court, on review, finds the respondent not guilty of any rule violation. The party from whom costs are sought has 10 days from the date the motion was filed in which to serve an objection. Failure to timely file a petition for costs or to timely serve an objection, without good cause, waives the request or objection to the costs, and the court may enter an order without further proceedings. If an objection is timely filed, or the court otherwise directs, the court will remand the motion will be remanded to the referee. On remand, the referee must file a supplemental report that includes a statement of costs incurred and the manner in which the costs should be assessed. Any party may seek review of the supplemental report of referee in the same manner as provided for in this rule for other reports of the referee.

**(d)-(f)**     [No Change]

**(g)     Contempt by Respondent.** ~~Whenever it is alleged that a respondent is in contempt in a disciplinary proceeding, a~~A petition for an order to show cause why the respondent should not be held in contempt <u>in a disciplinary proceeding</u> and the proceedings on the petition may be filed in and determined by the court or as provided under rule 3-7.11(f).

**(h)     Pending Disciplinary Cases.** If the court orders disbarment ~~or disciplinary revocation~~, that order may include the dismissal without prejudice of other pending <u>disciplinary</u> cases against the respondent. <u>If the revocation is granted by the court, the revocation dismisses all pending disciplinary cases against that respondent.</u>

**Comment**
[No Change]


## RULE 3-7.9.     CONSENT JUDGMENT

**(a)     Before Formal Complaint is Filed.** If ~~before a formal complaint is filed~~ a respondent states a desire to plead guilty <u>before a formal complaint is filed</u>, bar counsel ~~shall~~ consult<u>s</u> established board guidelines for discipline and confer<u>s</u> with the designated reviewer. If ~~bar counsel or~~ the designated reviewer rejects the proposed consent judgment, the matter ~~shall~~<u>is</u> not ~~be~~ referred to the board of governors. If bar counsel and the designated reviewer approve the proposed consent judgment, <u>bar counsel advises</u> the respondent ~~shall be advised~~ that bar counsel and the designated reviewer will recommend approval of the respondent's written plea, and the matter ~~shall be~~<u>is</u> placed on the agenda of the board of governors for its review. If the board of governors concurs in the consent judgment, bar counsel ~~shall notify~~<u>notifies</u> the respondent and file<u>s</u> all necessary pleadings to secure approval of the plea. If a proposed consent judgment is rejected, bar counsel ~~shall~~ prepare<u>s</u> and file<u>s</u> a complaint as provided elsewhere in these rules.

**(b)  After Filing of Formal Complaint.**  If a respondent states a desire to plead guilty to a formal complaint that has been filed, staff counsel ~~shall~~ consult~~s~~ established board guidelines for discipline and confer~~s~~ with the designated reviewer.  If ~~staff counsel or~~ the designated reviewer rejects the proposed consent judgment, the plea ~~shall~~is not ~~be~~ filed with the referee.  If staff counsel and the designated reviewer approve the proposed consent judgment, <u>bar counsel advises</u> the respondent ~~shall be advised~~ that staff counsel and the designated reviewer will recommend approval of the respondent's written plea, and the consent judgment ~~shall be~~is filed with the referee.  If the referee accepts the consent judgment, the referee ~~shall~~ enter~~s~~ a report and file~~s~~ ~~same~~<u>the report</u> with the court as provided elsewhere in these rules.  If the referee rejects the consent judgment, the matter ~~shall~~ proceed~~s~~ as provided in this chapter.

**(c)  Approval of Consent Judgments.**  Acceptance of any proposed consent judgment ~~shall be~~is conditioned on final approval by the Supreme Court of Florida, and the court's order will recite the disciplinary charges against the respondent.

**(d)  Content of Conditional Pleas.**  All conditional pleas ~~shall~~<u>must</u> show clearly by reference or otherwise the disciplinary offenses to which the plea is made.  All conditional pleas in which the respondent agrees to the imposition of a suspension or disbarment ~~shall~~<u>must</u> include an acknowledgment that, unless waived or modified by the court on motion of the respondent, the court order accepting the conditional plea will contain a provision that prohibits the respondent from accepting new business from the date of the order or opinion and ~~shall~~<u>must</u> provide that the suspension or disbarment is effective 30 days from the date of the order or opinion so that the respondent may close out the practice of law and protect the interests of existing clients.  A conditional plea may not permit a respondent to begin serving a suspension or disbarment until the Supreme Court of Florida issues an order or opinion approving the recommended discipline.

**(e)  Disbarment on Consent.**  A respondent may surrender membership in The Florida Bar in lieu of defending against

allegations of disciplinary violations by agreeing to disbarment on consent. Disbarment on consent ~~shall have~~has the same effect as, and ~~shall be~~is governed by, the same rules provided for disbarment elsewhere in these ~~Rules Regulating The Florida Bar~~rules. Matters involving disbarment on consent ~~shall be~~are processed in the same manner as set forth in subdivisions (a) through (d) of this rule and elsewhere in these ~~Rules Regulating The Florida Bar~~rules, except that a respondent may enter into a disbarment on consent without admitting any of the facts or rule violations alleged by the bar. In ~~such~~that event, the disbarment on consent ~~shall~~must set forth a brief recitation of the allegations underlying the disbarment on consent. This option ~~shall~~is only ~~be~~available for disbarments on consent and not for any other type of consent judgment.

**(f)    Effect of Pleas on Certification.** In negotiating consent judgments with a respondent or in recommending acceptance, rejection, or offer of a tendered consent judgment, staff counsel and the designated reviewer ~~shall~~must consider and express a recommendation on whether the consent judgment ~~shall~~will include revocation of certification if held by the ~~attorney~~lawyer and restrictions to be placed on recertification ~~in such areas~~. When certification revocation is agreed to in a consent judgment, the revocation and any conditions on recertification will be reported to the legal specialization and education director for recording purposes.

**RULE 3-7.10.    REINSTATEMENT AND READMISSION PROCEDURES**

**(a)    Reinstatement; Applicability.** A lawyer who is ineligible to practice due to a court-ordered disciplinary suspension of 91 days or more or who has been placed on the inactive list for incapacity not related to misconduct may be reinstated to membership in good standing in The Florida Bar and be eligible to practice again ~~pursuant to~~under this rule. The proceedings under this rule ~~are not applicable~~do not apply to any lawyer who is ~~not~~ ineligible to practice law due to a delinquency as defined in rule 1-3.6 of these rules.

**(b)    Petitions; Form and Contents.**

(1)    *Filing.*  The original petition for reinstatement must be verified by the petitioner and filed with the Supreme Court of Florida in an electronic format approved by the supreme court and in compliance with the Florida Rules of Civil Procedure and the Florida Rules of General Practice and Judicial Administration.  A copy must be served on The Florida Bar's staff counsel, The Florida Bar, in compliance with applicable court rules.  The petition for reinstatement may not be filed until the petitioner has completed at least 80% of the term of that lawyer's period of suspension.

(2)    *Form and Exhibits.*  The petition must be in the form and accompanied by the exhibits provided for elsewhere in this rule.  The information required concerning the petitioner may include any or all of the following matters in addition to any other matters that may be reasonably required to determine the petitioner's fitness of the petitioner to resume the practice of law may include, but is not limited to: criminal and civil judgments; disciplinary judgments; copies of income tax returns together with consents to secure original returns; occupation during suspension and employment related information; financial statements; and statement of restitution of funds that were the subject matter of disciplinary proceedings.  In cases seeking reinstatement from incapacity, the petition must also include copies of all pleadings in the matter leading to placement on the inactive list and all other matters reasonably required to demonstrate the petitioner's character and fitness of the petitioner to resume the practice of law.

**(c)-(d)**    [No Change]

**(e)    Bar Counsel.**  When a petition for reinstatement is filed, the board of governors or staff counsel, if authorized by the board of governors, may appoint bar counsel to represent The Florida Bar in the proceeding.  The lawyer's duty is to appear at the hearings and to prepare and present evidence to the referee evidence that, in the opinion of the referee or lawyer, will be considered in passing on the petition.

**(f)** ~~Determination of Fitness by Referee Hearing~~**Referee Hearing Determining Fitness.**  The referee to whom the petition for reinstatement is referred must conduct the hearing as a trial, in the same manner, to the extent practical, as provided elsewhere in these rules.  <u>The referee may not refer the petition to civil or grievance mediation.</u>  The referee must decide the <u>petitioner's</u> fitness ~~of the petitioner~~ to resume the practice of law.  In making this determination, the referee will consider whether the petitioner has engaged in any disqualifying conduct, the character and fitness of the petitioner, and whether the petitioner has been rehabilitated, as further described in this subdivision.  All conduct engaged in after the date of admission to The Florida Bar is relevant in proceedings under this rule.

(1)  *Disqualifying Conduct.*  A record manifesting a deficiency in the honesty, trustworthiness, diligence, or reliability of a petitioner may constitute a basis for denial of reinstatement.  The following are considered disqualifying conduct:

(A)-(M)  [No Change]

(N)  failure of a felony-suspended lawyer to submit proof that the affected lawyer's civil rights have been restored; ~~and~~

(O)  <u>holding out as if eligible to practice in any manner including, but not limited to, use of terms such as lawyer, attorney, esquire, or counselor at law in any communication including, but not limited to, letterhead, business cards, websites, and social media; and</u>

(P)  <u>any</u> other conduct that adversely reflects on the character or fitness of the applicant.

(2)  [No Change]

(3)  *Elements of Rehabilitation.*  Merely showing that an individual is now ~~living as and~~ doing those things that should be done throughout life, although necessary to prove rehabilitation,

- 50 -

does not prove that the individual has undertaken a useful and constructive place in society. Any petitioner for reinstatement from discipline for prior misconduct is required to produce clear and convincing evidence of rehabilitation including, but not limited to, the following elements:

(A)-(G)     [No Change]

The requirement of positive action is appropriate for persons seeking reinstatement to the bar as well as for applicants for admission to the bar because service to one's community is an essential obligation of members of the bar.

(4)     *Educational Requirements.*

(A)     [No Change]

(B)  A petitioner who has been ineligible to practice for 5 years or more will not be reinstated under this rule until the petitioner has re-taken and provided proof in the lawyer's petition for reinstatement that the lawyer has passed both the Florida portions of the Florida Bar Examination and the Multistate Professional Responsibility Examination (MPRE). The results for both exams must be valid under the Rules of the Supreme Court Relating to Admission to the Bar when the petition is filed and will remain valid for at least 3 years after the filing of the petition. A petitioner must have proof of passing all these required portions of the bar examination before that petitioner may file a petition for reinstatement under this subdivision.

**(g)     Hearing; Notice; Evidence.**

(1)     *Notice.* The referee to whom the petition for reinstatement is referred will fix a time and place for hearing, and notice of the hearing will be provided at least 10 days ~~prior to~~before the hearing to the petitioner, ~~to~~ lawyers representing The Florida Bar, and ~~to~~ other persons who may be designated by the appointed referee.

(2)     *Appearance.*  Any persons to whom notice is given, ~~any~~ other interested persons, or ~~any~~ local bar association may appear before the referee in support of or ~~in~~ opposition to the petition at any ~~time or times fixed for the~~ hearings.

(3)     *~~Failure of Petitioner to be Examined~~Petitioner's Failure to Submit to Examination.*  ~~For the failure of the petitioner to submit to examination as a witness pursuant to notice given, the~~The referee will dismiss the petition for reinstatement <u>if the petitioner fails to submit to examination as a witness after notice,</u> unless good cause is shown for the failure.

(4)     *Summary Procedure.*  ~~If after the completion of discovery bar counsel is unable to discover any evidence on which denial of reinstatement may be based and if no other person provides any relevant evidence, bar~~Bar counsel may, with the approval of the designated reviewer and staff counsel, stipulate to the issue of reinstatement, including conditions for reinstatement <u>if bar counsel is unable to discover, and no other person provides, any relevant evidence to deny reinstatement after discovery is completed</u>.  The stipulation must include a statement of costs as provided elsewhere in these ~~Rules Regulating The Florida Bar~~<u>rules</u>.

(5)     *Evidence of Treatment or Counseling for Dependency or Other Medical Reasons.*  If the petitioner has sought or received treatment or counseling for chemical or alcohol dependency or for other medical reasons that relate to the petitioner's fitness to practice law, the petitioner must waive confidentiality of ~~such~~<u>that</u> treatment or counseling ~~for purposes of evaluation of~~<u>to evaluate</u> the petitioner's fitness.  The provisions of rule 3-7.1(d) ~~are applicable~~<u>apply</u> to information or records disclosed under this subdivision.

**(h)-(i)**     [No Change]

**(j)  Recommendation of Referee and Judgment of the Court.**  If the petitioner is found unfit to resume the practice of law, the petition will be dismissed.  If the petitioner is found fit to resume the practice of law, the referee will enter a report

recommending, and the court may enter an order of, reinstatement of the petitioner in The Florida Bar; provided, however, that the reinstatement may be conditioned on the payment of all or part of the costs of the proceeding and on the making of partial or complete restitution to parties harmed by the petitioner's misconduct that led to the petitioner's suspension of membership in The Florida Bar or conduct that led to the petitioner's incapacity; and, if. If petitioner's suspension or incapacity of the petitioner has continued for more than 3 years, the reinstatement may be conditioned on proof of competency as may be required by the judgment in the discretion of the Supreme Court of Florida. Proof may include certification by the Florida Board of Bar Examiners of the successful completion of an examination for admission to The Florida Bar subsequent toafter the date of the suspension or incapacity.

**(k)** **Successive Petitions.** No person may file a petition for reinstatement may be filed within 1 year following an adverse judgment on a petition for reinstatement filed by or on behalf of the same person. In cases of incapacity, no petition for reinstatement may be filed within 6 months followingafter an adverse judgment under this rule.

**(*l*)** **Petitions for Reinstatement to Membership in Good Standing.**

(1) [No Change]

(2) *Style of Petition.* Petitions must be styled in the Supreme Court of Florida and filed with the Supreme Court of Florida in accordance with the court's filing requirements, including e-filing requirements where applicable. A copy must be served on staff counsel, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300 at the bar's headquarters address in Tallahassee.

(3) *Contents of Petition.* The petition must be verified by the petitioner and accompanied by a written authorization to the District Director of the Internal Revenue Service, authorizing the furnishing of certified copies of the petitioner's tax returns for the

past 5 years or since admission to the bar, whichever is greater. The authorization must be furnished on a separate sheet. The petition must have attached as an exhibit a true copy of all disciplinary judgments previously entered against the petitioner. It must also include the petitioner's statement concerning the following:

(A)    [No Change]

(B)  the conduct, offense, or misconduct on which the suspension or incapacity was based, together with the date of ~~such~~the suspension or incapacity;

(C)-(F)    [No Change]

(G)    a statement showing all the petitioner's financial obligations ~~of the petitioner~~, including, but not limited to, amounts claimed, unpaid, or owing to The Florida Bar Clients' Security Fund or former clients at the date of filing of the petition, together with the names and addresses of all creditors;

(H)    [No Change]

(I)    a statement showing dates, general nature, and ultimate disposition of every matter involving the petitioner's arrest or prosecution ~~of the petitioner~~ during the period of suspension for any crime, whether felony or misdemeanor, together with the names and addresses of complaining witnesses, prosecuting lawyers, and trial judges;

(J)    a statement as to whether any applications were made during the period of suspension for a license requiring proof of good character for its procurement; and, for each application, the date and the name and address of the authority to whom it was addressed, and its disposition;

(K)    a statement of any procedure or inquiry, during the period of suspension, covering the petitioner's standing as a member of any profession or organization, or holder of any

- 54 -

license or office, that involved the censure, removal, suspension, revocation of license, or discipline of the petitioner; and, as to each, the dates, facts, and ~~the~~ disposition, and the name and address of the authority in possession of these records;

(L)     a statement as to whether any fraud charges were made or claimed against the petitioner during the period of suspension, whether formal or informal, together with the dates and names and addresses of persons making these charges;

(M)-(O)     [No Change]

(4)     *Comments on Petition.*  On the appointment of a referee and bar counsel, copies of the petition will be furnished by the bar counsel to local board members, local grievance committees, and to other persons mentioned in this rule.  Persons or groups that wish to respond must direct their comments to bar counsel.  The proceedings and finding of the referee will relate to those matters described in this rule and also to those matters tending to show the petitioner's rehabilitation, present fitness to resume the practice of law, and the effect of the proposed reinstatement on the administration of justice, ~~and~~ purity of the courts, and confidence of the public in the profession.

(5)     [No Change]

**(m)**  [No Change]

**(n)     Readmission; Applicability.**  A former member who has been disbarred, disbarred on consent, or whose petition for disciplinary resignation or revocation has been accepted may be admitted again only ~~upon~~ full compliance with the rules and regulations governing admission to the bar.  No application for readmission following disbarment, disbarment on consent, or disciplinary resignation or revocation may be tendered until ~~such time as~~ all restitution and disciplinary costs ~~as may have been~~ ordered or assessed have been paid, together with any interest accrued.

(1)  *Readmission After Disbarment.*  Except as ~~might be~~ otherwise provided in these rules, no application for admission may be tendered within 5 years after the date of disbarment or ~~such~~any longer period of time ~~as the court might determine~~ in the disbarment order.  An order of disbarment that states the disbarment is permanent precludes readmission to The Florida Bar.

(2)  *Readmission After Disciplinary Resignation or Revocation.*  A lawyer's petition for disciplinary resignation or revocation that states that it is without leave to apply for readmission will preclude any readmission.  A lawyer who was granted a disciplinary resignation or revocation may not apply for readmission until all conditions of the Supreme Court of Florida's order granting the disciplinary resignation or revocation have been complied with.

**Comment**
[No Change]

## RULE 3-7.12.  DISCIPLINARY REVOCATION OF ADMISSION TO THE FLORIDA BAR

~~If a disciplinary agency is investigating the conduct of a lawyer, or if such an agency has recommended probable cause, then disciplinary proceedings shall be deemed to be pending and a petition for disciplinary revocation may be filed pursuant to this rule.  Disciplinary revocation is tantamount to disbarment in that both sanctions terminate the license and privilege to practice law and both require readmission to practice under the Rules of the Supreme Court Relating to Admissions to the Bar.  A lawyer may seek disciplinary revocation of admission to The Florida Bar during the progress of disciplinary proceedings in the following manner:~~

**(a)  Applicability.**  A lawyer may seek disciplinary revocation of admission to The Florida Bar if a disciplinary agency is investigating that lawyer's conduct before or after a recommendation of probable cause.

**(a̶b)  Petition for Disciplinary Revocation.**  T̶h̶e̶A petition for disciplinary revocation s̶h̶a̶l̶l̶must be styled "In re .....(respondent's name).....," titled "Petition for Disciplinary Revocation," filed with the Supreme Court of Florida <u>in an electronic format approved by the supreme court,</u> and s̶h̶a̶l̶l̶ contain a statement of all past and pending disciplinary actions and criminal proceedings against the petitioner.  The statement s̶h̶a̶l̶l̶must describe the charges made or those under investigation for professional misconduct, results of past proceedings, and the status of pending investigations and proceedings.  The petition s̶h̶a̶l̶l̶must state whether it is with or without leave to apply for readmission to the bar.  A copy of the petition s̶h̶a̶l̶l̶must be served u̶p̶on the executive director of The Florida Bar.

**(b̶c)  Judgment.**  W̶i̶t̶h̶i̶n̶ ̶6̶0̶ ̶d̶a̶y̶s̶ ̶a̶f̶t̶e̶r̶ ̶f̶i̶l̶i̶n̶g̶ ̶a̶n̶d̶ ̶s̶e̶r̶v̶i̶c̶e̶ ̶o̶f̶ ̶t̶h̶e̶ p̶e̶t̶i̶t̶i̶o̶n̶,̶ The Florida Bar s̶h̶a̶l̶l̶must file with the Supreme Court of Florida its response to the petition either supporting or opposing the petition for disciplinary revocation <u>within 60 days after service of the petition on the bar</u>.  The bar's response s̶h̶a̶l̶l̶must be determined by the bar's board of governors.  A̶<u>The bar must serve a</u> copy of the response s̶h̶a̶l̶l̶ ̶b̶e̶ ̶s̶e̶r̶v̶e̶d̶ ̶u̶pon the petitioner.  The Supreme Court of Florida s̶h̶a̶l̶l̶will consider the petition, any response, and the charges against the petitioner.  The Supreme Court of Florida may enter judgment granting disciplinary revocation if it has been shown by the petitioner in a proper and competent manner that t̶h̶e̶ ̶p̶u̶b̶l̶i̶c̶ ̶i̶n̶t̶e̶r̶e̶s̶t̶ ̶w̶i̶l̶l̶ ̶n̶o̶t̶ ̶b̶e̶ ̶a̶d̶v̶e̶r̶s̶e̶l̶y̶ a̶f̶f̶e̶c̶t̶e̶d̶ ̶b̶y̶ ̶t̶h̶e̶ granting o̶f̶ the petition a̶n̶d̶ ̶t̶h̶a̶t̶ ̶s̶u̶c̶h̶ ̶w̶i̶l̶l̶ ̶n̶e̶i̶t̶h̶e̶r̶<u>will not</u> adversely affect <u>the public interest,</u> the integrity of the courts<u>,</u> n̶o̶r̶ ̶h̶i̶n̶d̶e̶r̶ the administration of justice<u>, or</u> n̶o̶r̶ the confidence of the public in the legal profession.  I̶f̶ ̶o̶t̶h̶e̶r̶w̶i̶s̶e̶,̶<u>The Supreme Court of Florida otherwise will deny</u> the petition s̶h̶a̶l̶l̶ ̶b̶e̶ ̶d̶e̶n̶i̶e̶d̶.  I̶f̶ ̶t̶h̶e̶ j̶u̶d̶g̶m̶e̶n̶t̶ ̶g̶r̶a̶n̶t̶s̶ ̶t̶h̶e̶ ̶d̶i̶s̶c̶i̶p̶l̶i̶n̶a̶r̶y̶ ̶r̶e̶v̶o̶c̶a̶t̶i̶o̶n̶,̶ ̶t̶h̶e̶A judgment <u>granting disciplinary revocation</u> may require that the disciplinary revocation be subject to appropriate conditions.  S̶u̶c̶h̶ ̶c̶o̶n̶d̶i̶t̶i̶o̶n̶s̶ m̶a̶y̶ ̶i̶n̶c̶l̶u̶d̶e̶ <u>including</u>, but s̶h̶a̶l̶l̶ not b̶e̶ limited to, requiring the petitioner to submit to a full audit of all client trust accounts, t̶o̶ execute a financial affidavit attesting to current personal and professional financial circumstances, and t̶o̶ maintain a current mailing address with the bar for a period of 5 years after the

disciplinary revocation becomes final or ~~such~~ another time period~~as the court may order~~.

**(d)    Effect of Disciplinary Revocation.**  Disciplinary revocation is tantamount to disbarment and terminates the lawyer's license and privilege to practice law and requires readmission to practice under the Rules of the Supreme Court Relating to Admissions to the Bar.

**(~~e~~e)  Delay of Disciplinary Proceedings.**  The filing of a petition for disciplinary revocation ~~shall~~does not stay the progress of the disciplinary proceedings without the approval of the bar's board of governors.

**(~~d~~f)  Dismissal of Pending Disciplinary Cases.**  If disciplinary revocation is granted by the Supreme Court of Florida under this rule, ~~such~~the disciplinary revocation ~~shall~~ serve~~s~~ to dismiss all pending disciplinary cases.

**(~~e~~g)  Costs of Pending Disciplinary Cases.**  The judgment of the court granting disciplinary revocation may impose a judgment for the costs expended by The Florida Bar in all pending disciplinary cases against the respondent.  ~~Such costs shall be of the types and amounts~~These costs are as authorized elsewhere in these Rules Regulating The Florida Bar.

## Comment

The disciplinary revocation rule replaces the former disciplinary resignation rule, but with added safeguards. Disciplinary revocation is allowed for a minimum of 5 years up to permanent disciplinary revocation.  The bar's response to all ~~such~~ petitions for disciplinary revocation must be determined by the bar's board of governors.  Disciplinary revocation, like the formerly allowed disciplinary resignation, is "tantamount to disbarment." *The Florida Bar v. Hale*, 762 So.2d 515, 517 (Fla. 2000).  Like disbarred lawyers, lawyers whose licenses have been disciplinarily revoked ~~pursuant to disciplinary revocation still~~ remain subject to the continuing jurisdiction of the Supreme Court of Florida and

must meet all requirements for readmission to bar membership. *The Florida Bar v. Ross*, 732 So.2d 1037, 1041 (Fla. 1998); *The Florida Bar v. Hale*, 762 So.2d 515, 517 (Fla. 2000).

## RULE 3-7.16.  LIMITATION ON TIME TO OPEN INVESTIGATION

**(a)  Time for Initiating Investigation of Complaints and Re-opened Cases.**

(1)-(2)  [No Change]

(3)  *Deferred Investigations.*  A disciplinary investigation ~~which~~that began with the opening of a discipline file and bar inquiries to a respondent within the 6-year time period as described in this rule and was then deferred ~~in accordance with~~under bar policy and the Rules Regulating The Florida Bar, is not time barred under this rule if a grievance committee finds probable cause and the bar files its formal complaint within 1 year after actual notice of the conclusion of the civil, criminal, or other proceedings on which deferral was based.

**(b)-(d)**  [No Change]

## RULE 14-1.2.  JURISDICTION

**(a)  Fee Arbitration**. The program has jurisdiction to resolve disputes between members of The Florida Bar or between a member of The Florida Bar and a client or clients over ~~a~~fees or costs paid, charged, or claimed for legal services rendered by a member of The Florida Bar when the parties to the dispute agree to arbitrate under the program either by written contract that complies with the requirements of subdivision (i) of rule 4-1.5, ~~or~~by a request for arbitration signed by all parties, ~~or~~as a condition of probation, or as a part of a discipline sanction as authorized elsewhere in these Rules Regulating The Florida Bar.  Jurisdiction is limited to matters in which:

(1)     there is no bona fide disputed issue of fact other than the amount of or entitlement to legal fees or costs; and

(2)     [No Change]

The program does not have jurisdiction to resolve disputes involving matters in which a court has taken jurisdiction to determine and award a reasonable fees or costs to a party or that involve fees or costs charged that constitute a violation of the Rules Regulating The Florida Bar, unless specifically referred to the program by the court or by bar counsel.

The program has authority to decline jurisdiction to resolve any particular dispute by reason of its complexity and protracted hearing characteristics.

**(b)**     [No Change]


**RULE 14-4.1.  ARBITRATION PROCEEDINGS**

**(a)     Institution of Proceedings.**  All arbitration proceedings shall beare instituted by the filing of a written consent to arbitration by written contract between the parties to the arbitration, or orders of this court in proceedings under these Rules Regulating The Florida Bar imposing a sanction or condition orof probation, or by the consent form prescribed in the policies adopted under the authority of this chapter and signed by each party to the controversy.

**(b)     Position Statement and Relevant Documents.** Each of the partiesparty shallmust provide the arbitrator(s) with a concise statement of that party's position, including the amount claimed or in controversy, on the form prescribed and authorized by the standing committee. If there is a written contract regarding fees or costs between the parties, a copy of that written contract shallmust accompany the request or submission.

- 60 -

**(c)    Referral by Intake Counsel or Bar Counsel.**  Intake counsel, with the consent of the parties and concurrence of staff counsel, or bar counsel, with the consent of the parties, and the concurrence of the chief branch staff counsel, may refer appropriate cases to the fee arbitration program.

**(d)**    [No Change]

**(e)    Referral by Board of Governors.**  The board of governors, with the agreement of the parties and ~~upon~~ review of a file referred to it as authorized elsewhere under these ~~Rules Regulating The Florida Bar~~rules, may refer appropriate cases to the fee arbitration program if they meet the criteria established by the policies adopted under the authority of this chapter.

## RULE 14-5.2.    EFFECT OF AGREEMENT TO ARBITRATE AND FAILURE TO COMPLY

**(a)    Closure of Disciplinary File.**  A disciplinary file that involves only fees or costs issues ~~shall~~will be closed without the entry of a sanction ~~up~~on the entry of an agreement to arbitrate.

**(b)    Effect of Respondent's Failure to Attend or Comply.**  ~~It shall be a violation of the Rules Regulating The Florida Bar for a~~A respondent who ~~to~~ fails to attend an agreed~~-upon~~ arbitration conference without good cause violates the Rules Regulating The Florida Bar.  Likewise, ~~it shall be a violation of the Rules Regulating The Florida Bar for~~ a respondent ~~tow~~who fails to fully comply with the terms of an arbitration award without good cause violates the Rules Regulating The Florida Bar.

**(c)    Effect of Complainant's or Other Opposing Party's Failure to Attend.**  ~~If~~The disciplinary file may remain closed if a file referred for arbitration is not fully resolved by reason of a complainant's or other opposing party's failure to attend without good cause~~, the disciplinary file based thereon may remain closed~~.